1  ERIC VALENCIA #167613

2  MADERA COUNTY JAIL

3  195 TOZER ST.

4  MADERA, CA. 93638

5  PLAINTIFF IN PRO SE

**FILED**

JAN 22 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

6

7      UNITED    STATES    DISTRICT    COURT

8      EASTERN    DISTRICT    OF    CALIFORNIA

9

10  ERIC VALENCIA,

11             PLAINTIFF,

12

13  V.

14  VILLALOBOS, SGT. B. MENDOZA,

15  LT. SEABORN, TYSON POGUE, AND

16  MADERA COUNTY SUED INDIVIDUALLY

17  AND IN THEIR OFFICIAL CAPACITY,

18             DEFENDANTS.

CASE NO. 1:25-CV-00097

HBK (PC)

"ORIGINAL COMPLAINT WITH JURY
TRIAL DEMANDED"

**RECEIVED**

JAN 22 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

19      THIS IS A CIVIL RIGHTS ACTION FILED BY ERIC VALENCIA ("PLAINTIFF") A

20  PRETRIAL DETAINEE IN THE MADERA COUNTY JAIL, FOR DAMAGES AND

21  INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983, ALLEGING RETALIATION FOR FILING

22  GRIEVANCES IN VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES

23  CONSTITUTION (RHODES V. ROBINSON, 408 F.3d 559, 568 (9TH CIR. 2005). FAILURE

24  TO PROTECT, SUPERVISORY LIABILITY, AND DELIBERATE INDIFFERENCE IN

25  VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

26  (BELL V. WOLFISH, 441 U.S. 520, 535-37 (1979)); (SHORTER V. BACA, 895 F.3d 1176,

27  1190 (9TH CIR. 2018)); (CITY OF CLEBURNE V. CLEBURNE LIVING CENTER, INC, 473 U.S.

28                                  1.

432, 439 (1985)); MONELL V. DEPT. OF SOC. SERVS. OF CITY OF NEW YORK, 436 U.S. 658, 690 (1978).

## II. JURISDICTION / VENUE

1. THIS COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 28 U.S.C. §§ 1331 AND 1343. PLAINTIFF SEEKS INJUNCTIVE RELIEF PURSUANT TO 28 U.S.C. §§ 2201 AND 2202.

2. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S STATE LAW TORT CLAIMS UNDER 28 U.S.C. § 1367.

3. THE EASTERN DISTRICT OF CALIFORNIA IS AN APPROPRIATE VENUE UNDER 28 U.S.C. § 1391 (b)(2) BECAUSE IN MADERA COUNTY IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED.

## III. PLAINTIFF

4. THE PLAINTIFF, ERIC VALENCIA, IS A PRETRIAL DETAINEE DURING THE EVENTS DESCRIBED IN THIS COMPLAINT. HE IS CURRENTLY CONFINED AT THE MADERA COUNTY JAIL IN MADERA, CALIFORNIA.

## IV. DEFENDANTS

5. THE DEFENDANT, TYSON POGUE, CHEIF OF MADERA COUNTY JAIL, 195 TOZER ST. MADERA, CA. 93638.

6. THE DEFENDANTS, LT. SEABORN, SGT. B. MENDOZA, AND C/O VILLALOBOS, MADERA COUNTY JAIL, 195 TOZER ST. MADERA, CA. 93638

7. THE DEFENDANT, MADERA COUNTY, A MUNICIPAL CORPORATION AND PUBLIC ENTITY, 200 W. 4TH ST., MADERA, CA. 93637.

8. STATEMENT OF CLAIMS:   ON AUGUST 13, 2024, PLAINTIFF ATTEMPTED TO USE THE VISITING DEVISE LOCATED INSIDE THE HOUSING MODULE. DEFENDANT C/O VILLALOBOS WITHOUT GIVING A VERBAL WARNING ORDERED THE PLAINTIFF TO LOCKDOWN FOR

1  THE DAY, BECAUSE OF LOGING INTO HIS HOMEWAV ACCOUNT TO CHECK

2  HIS BALANCE. MINUTES LATER, OTHER INMATES ARE SEEN HAVING VISITS

3  WITHOUT BEING FULLY CLOTHED. DEFENDANT C/O VILLALOBOS WITNESSED

4  THEM VIOLATING FACILITY RULES AND DIDN'T LOCK THEM DOWN WHICH

5  CONSTITUTES DISCRIMINATION AND VIOLATING EQUAL PROTECTION BECAUSE

6  THE PLAINTIFF WAS TREATED DIFFERENTLY THEN INMATES SIMILARLY

7  SITUATED. PLAINTIFF STATES THAT AFTER SEEING THE DISCRIMIN-

8  ATION, HE FILED A INMATE GRIEVANCE ON HIS CONCERNS AND

9  REPORT DEFENDANT C/O VILLALOBOS'S ATYPICAL TREATMENT OR

10  HARASSMENT TOWARDS HIM. PLAINTIFF STATES THAT ON NOVEMBER

11  16, 2024, DEFENDANT VILLALOBOS'S HARASSMENT WAS DEMONSTRATED

12  IMMEDIATELY BY BEING VERY ARGUEMENTITIVE AND DEGRADING.

13  PLAINTIFF REQUESTED A INMATE GRIEVANCE FORM TO REPORT THE

14  DEFENDANT VILLALOBOS'S UNPROFESSIONAL MISCONDUCT, WHICH THE

15  DEFENDANT DENIED THE PLAINTIFFS' REQUEST. PLAINTIFF STATES THAT

16  AFTER BEING DENIED THE GRIEVANCE FORM, DEFENDANT VILLALOBOS WAS

17  SEEN CALLING THE DEFENDANT SGT. B. MENDOZA, TO INFORM HIM OF

18  HER INTENTIONS TO CONDUCT A RETALITORY CELL SEARCH AGAINST THE

19  PLAINTIFF, WHICH DEFENDANT SGT. B. MENDOZA OKEY'D. DEFENDANT

20  C/O VILLALOBOS SEARCHED PLAINTIFFS' DORM AND DIRECTED HER

21  FOCUS TOWARDS THE PLAINTIFFS' BED AREA CONFISCATING HIS

22  PERSONNEL PROPERTY PURCHESTED ON COMMISSARY. PLAINTIFF

23  STATES THAT AFTER DEFENDANT C/O VILLALOBOS CONDUCTED HER

24  RETALITORY CELL SEARCH AND CONFISCATED HIS PROPRETY, SHE SARCASTICLY

25  PROVIDED PLAINTIFF WITH A GRIEVANCE FORM, TELLING THE

26  PLAINTIFF, THAT DEFENDANT SGT. B. MENDOZA GAVE HER THE OK,

27  AND TO SPELL HER NAME RIGHT ON THE GRIEVANCE THAT WILL

1. BE REJECTED FOR FALSE INFORMATION BY DEFENDANT LT.
2. SEABORN. PLAINTIFF STATES THAT ON DECEMBER 23, 2024,
3. DEFENDANT C/O VILLALOBOS WORKED THE HOUSING MODULE AND
4. AGAIN DIRECTED HER HARASSMENT TO THE PLAINTIFF, WHO WAS NOT
5. BEING DISRUPTIVE OR VIOLATING ANY RULES, WHEN SHE TRIED TO
6. PROVOKE THE PLAINTIFF, BY CONFISCATING HIS PROPERTY AND THROWING
7. IT AWAY TO GET A REACTION. PLAINTIFF RESPECTFULLY REQUESTED A
8. INMATE GRIEVANCE FORM TO NOW REPORT THE ONGOING HARASSMENT,
9. DEMONSTRATED BY DEFENDANT C/O VILLALOBOS, WHICH SHE AGAIN
10. DENIED. PLAINTIFF STATES THAT HE ADVISED THE DEFENDANT C/O
11. VILLALOBOS OF HIS RIGHTS GIVEN TO INMATES CONFINED IN THE
12. MADERA COUNTY JAIL, WHICH STATES:
13. "EACH INMATE CONFINED IN THE MADERA COUNTY DEPT. OR
14. CORR. WILL HAVE THE FOLLOWING RIGHTS:"
15. 1. THE RIGHT TO GRIEVE ANY ADMINISTRATIVE PROCEDURE;
16. 2. THE RIGHT TO GRIEVE ANY CONDITION OF CONFINEMENT WHICH CLEARLY
17. VIOLATES ANY SECTION OF THE CALIFORNIA CODE OF REGULATIONS, TITLE
18. 15, SUB 4, MINIMUM STANDARDS FOR LOCAL DETENTION FACILITIES,
19. ARTICLES 1-7;
20. 4. THE RIGHT TO SUBMIT GRIEVANCES WITHOUT FEAR OF REPRISAL
21. OR PUNITIVE SEGREGATION;
22. 6. THE RIGHT TO APPEAL THE GRIEVANCE DECISION TO THE OPERATIONS
23. COMMANDER OR DESIGNEE FOR FACT-FINDING AND RECOMMENDATIONS
24. PLAINTIFF STATES THAT HE ADVISED THE DEFENDANT THAT HER
25. DENYING HIM A GRIEVANCE WAS AN ADDITIONAL VIOLATION,
26. WHICH SHE QUICKLY AGREED THAT HER DENIAL WAS AND
27. STILL WAS DISREGARDING THE REQUEST. DEFENDANT C/O VILLALOBOS
28.

4.

WAS TOLD, BY THE PLAINTIFF, HE WOULD REQUEST A GRIEVANCE FROM THE
NEXT OFFICER TO COME ON. PLAINTIFF STATES THAT DEFENDANT C/O VILLALOBOS
AGAIN CALLS HER SUPERVISOR DEFENDANT SGT. B. MENDOZA, WHO IS WELL AWARE
OF DEFENDANT'S VILLALOBOS'S ONGOING HARASSMENT AGAINST THE PLAINTIFF.
PLAINTIFF STATES THAT DEFENDANT SGT. B. MENDOZA DIRECTED DEFENDANT
VILLALOBOS, TO WRITE THE PLAINTIFF UP ON A FRAUDULANT DISCPLINARY
VIOLATION TO PUNISH THE PLAINTIFF FOR USING THE INMATE GRIEVANCE
PROCEDURE, KNOWINGLY VIOLATING GRIEVANCE RIGHT # 1, 2, 4, AND 6.
PLAINTIFF STATES THAT THE ADMINISTRATION OF THE MADERA COUNTY
JAIL DOES NOT PROVIDE INMATES WITH ITS DPPM TO PROPERLY HOLD
OFFICERS ACCOUNTABLE FOR THEIR MISCONDUCT THAT VIOLATES TITLE 15,
SUB.4, MINIMUM STANDARDS FOR LOCAL DETENTIONS FACILITIES, ARTICLE
1-7 IN VIOLATION OF FREEDOM OF INFORMATION ACT. PLAINTIFF STATES
THAT DEFENDANT LT. SEABORN; FINAL ADMINISTRATIVE REVIEW RESPONSE,
SHOWS A CUSTOM OF COVERING UP MADERA COUNTY JAIL STAFFS'S ABUSE.
WHERE EVERY RESPONSE GIVEN BY THE DEFENDANT IS THIS GRIEVANCE
IS REJECTED FOR FALSE CLAIMS. SHE STATES THAT SHE WATCHED FOOTAGE
AND PHONE CALLS AS APART OF HER INVESTIGATION AND THE PLAINTIFFS
CLAIMS ARE UNFOUNDED. DEFENDANT LT. SEABORN INADEQUATE
INVESTIGATIONS AND FALSE INFORMATION GIVEN ABOUT HER INVESTIGATION
IS A CRIME OF PERJURY IN A GOVERNMENT ACTIVITY WHICH CONSTITUTES
A FAILURE TO PROTECT AND DELIBERATE INDIFFERENCE., CALLING
FOR THE INITIATION OF THIS CIVIL RIGHTS ACTION.
9. PLAINTIFF STATES THAT THE DEFENDANT MADERA COUNTY, A MUNICIPAL
CORPORATION AND PUBLIC ENTITY, HAS AUTHORITY AS EMPLOYERS OF THE
DEFENDANTS NAMED HEREIN AND THE ABUSE OF AUTHORITY CUSTOM
RELIED ON BY DEFENDANTS, THE ACTIONABLE CAUSE, IS MADERA COUNTY'S

5.

RESPONSIBLEY TO PREVENT AND PROTECT PLAINTIFF FROM HARASSMENT
AND MISTREATMENT BY DEPUTYS WHICH HAS BEEN ONGOING FOR YEARS.
PLAINTIFF STATES THAT THE DEFENDANT MADERA COUNTY, HAS A POLICY OF
INACTION TO PREVENT OR PROTECT PRISONERS IN THE CUSTODY OF THE
MADERA COUNTY JAIL. THIS SAID POLICY OF INACTION IS INFACT THE
STRONG MOVING FORCE THAT GIVES THE DEFENDANTS THE AUTHORITY TO
CONTINUE TO SUBJECT PRETRIAL DETAINEE'S TO RETALIATION, DISCRIMINA-
TION, AND PREJUDICE IN A "BUISNESS AS USUAL" MANNER WHICH
CAUSED THE CONSTITUTIONAL DEFICIENTCIES CLAIMED HEREIN.
    PLAINTIFF STATES THAT DEFENDANT MADERA COUNTY HAS DIRECT
SUBJECTIVE KNOWLEDGE, TO THE DEFENDANTS ABUSE OF AUTHORITY,
RETALIATION, DISCRIMINATION, HARASSMENT, AND PREJUDICE
THROUGH CITIZEN COMPLAINTS, HABEAS CORPUS, AND CIVIL RIGHTS
ACTIONS REPRESENTED BY COUNTY COUNSEL AND MADERA COUNTY'S
POLICY OF INACTION AND FAILURE TO PROTECT RESULTED IN THE
ONGOING PRACTICE OF RETALIATION ALLOWED BY ADMINISTRATION
WITHIN THE FACILITY. THIS CLAIM IS ONE OF MANY BROUGHT BEFORE
THIS COURT ON GROUNDS OF RETALIATION AND DISCRIMINATION AT
THE MADERA COUNTY JAIL. AND INSTEAD OF CEASE THIS MISCONDUCT
THE DEFENDANT MADERA COUNTY DEFENDS THIS ABUSE, ESTABLISHING
THAT THIS IS NOT AN ISOLATED INCIDENT. PLAINTIFF WILL BE ABLE TO
PROVE THROUGH DISCOVERY THAT THIS POLICY OF INACTION AMOUNTS
TO FAILURE TO PROTECT CONSTITUTIONAL RIGHTS AND CONDONED AND
USED BY DEPUTYS BECAUSE THEY WILL LATER BE REPRESENTED / OR
THE COURT WILL DISREGARD CLAIMS OF SUCH BEHAVIOR.
a.) PLAINTIFF STATES THAT THE FAILURE TO PROTECT PLAINTIFFS
CONSTITUTIONAL RIGHTS TO BE FREE FROM RETALIATION AND DISCRIMIN-

ATION FALLS ON THE RESPONSIBILITY OF DEFENDANT MADERA COUNTY, AND IT SHOULD BE HELD LIABLE FOR ITS DELIBERATE INDIFFERENCE THAT VIOLATE PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION.

10. PLAINTIFF STATES THAT DEFENDANTS TYSON POGUE, LT. SEABORN, AND SGT. B. MENDOZA SHOULD BE HELD ACCOUNTABLE FOR THEIR SUPERVISORY LIABILITY IN THIS ACTION FOR THEIR DEMONSTRATED DELIBERATE AND INDEPENDENT DECISIONS. DEFENDANT TYSON POGUE KNOWINGLY FAILING TO TAKE REASONABLE MEASURES TO PROTECT PRETRIAL DETAINEES FROM HIS DEPUTYS ABUSE OF POWER AND DEFENDANTS LT. SEABORN AND SGT. B. MENDOZA PERSONNEL INVOLVEMENT BY SGT. B. MENDOZA ORDERING DEFENDANT VILLALOBOS TO NOT ONLY CONDUCT A RETALITORY CELL SEARCH BECAUSE THE PLAINTIFF REQUESTED A GRIEVANCE; BUT ALSO FOR COACHING VILLALOBOS INTO SUBMITTING A FRAUDULANT DISCIPLINARY WRITE UP ON FALSE RULE VIOLATIONS, THEN DEFENDANT LT. SEABORN COVERING UP THE DEFENDANTS MISCONDUCT BY DEMONSTRATING A CUSTOM OF REJECTION WHICH CONSTITUTES A FAILURE TO PROTECT AND DELIBERATE INDIFFERENCE. PLAINTIFF STATES THAT THE DEFENDANTS MISCONDUCT DESCRIBED HEREIN ESTABLISHES A PATTERN AND PRACTICE OF CONSPIRACY THAT INFACT IS A STRONG MOVING FORCE THAT LEAD TO PLAINTIFF'S TREATMENT.

a.) PLAINTIFF STATES THAT THE FAILURE TO PROTECT, HARASSMENT, AND DISCRIMINATION FALLS ON THE RESPONSIBILITY OF TYSON POGUE, LT. SEABORN, AND SGT. B. MENDOZA AND THEY SHOULD BE HELD ACCOUNTABLE, LIABLE FOR DELIBERATE INDIFFERENCE THAT REACHES VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS UNDER THE FIRST AND

7.

1  DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT. HERE
2  PLAINTIFF WAS HARASSED AND DISCRIMINATED AGAINST ONGOINGLY,
3  FOLLOWED THE PROTECTIVE PROCESS BY INMATE GRIEVANCE, AND
4  SUPERVISORS ORDERED FRAUDULANT DISCIPLINARY ACTIONS
5  AND REJECTED HIS COMPLAINT TO COVER UP THEIR ABUSE OF
6  AUTHORITY CUSTOM.

7  11. PLAINTIFF STATES THAT DEFENDANT TYSON POGUE, LT. SEABORN,
8  AND SGT. B. MENDOZA, KNOWINGLY FAILED IN THEIR RESPONSIBILITY TO TAKE
9  REASONABLE MEASURES TO PROTECT PLAINTIFF. THE DEPRIVATIONS
10  DESCRIBED WITHIN WAS OBJECTIVELY SUFFICIENTLY SERIOUS AND ALL
11  SUPERVISORS WAS SUBJECTIVELY DELIBERATE INDIFFERENT TO PLAINTIFF'
12  SAFETY.

13  4.) PLAINTIFF STATES THAT BECAUSE OF DEFENDANTS TYSON POGUE,
14  LT. SEABORN, AND SGT. B. MENDOZA'S RESPONSIBILITYS AS SUPERVISORS AND
15  THEIR UNCONSTITUTIONAL SCHEME THEY ARE LIABLE FOR THE HARASSMENT,
16  HUMILIATION, PSYCHOLOGICAL DISTRESS AND VIOLATIONS OF PLAINTIFFS'
17  FIRST AND FOURTEENTH AMENDMENT RIGHTS AND STATE RULES/LAWS/
18  AND REGULATIONS BECAUSE IT IS THEIR DECISIONS TO PURSUE SAID
19  SCHEME.

20  12.) PLAINTIFF STATES THAT SUPERVISORY LIABILITY EXIST IN THIS ACTION
21  AGAINST DEFENDANTS MADERA COUNTY, TYSON POGUE, SGT. B. MENDOZA, AND
22  LT. SEABORN BECAUSE OF THEIR PARTICIPATION IN, DIRECTING THE VIOLATIONS, OR
23  KNEW OF THE VIOLATIONS AND FAILURE TO PREVENT THEM. HERE THE
24  DEFENDANT MADERA COUNTY IMPLEMENTED A POLICY OF INACTION, A
25  DECISION SO DEFICIENT THAT ALLOWS THE MISTREATMENT OF INMATES
26  IN ITS COUNTY JAIL. DEFENDANT TYSON POGUE KNEW OF THE CUSTOMS AND
27  PRACTICES USED BY HIS OFFICERS AND DISREGARDED TO FURTHER TRAIN OR

28

FIX THE ISSUE OF RETALIATION AND MISTREATMENT WHICH IS THE MOVING FORCE OF THE CONSTITUTIONAL VIOLATIONS. DEFENDANTS SGT. B. MENDOZA AND LT. SEABORN HAVE FIRST HAND KNOWLEDGE, BECAUSE DEFENDANT C/O VILLALOBOS CONTACTED HER SUPERVISORS AND REPORTED THE SITUATION AND DEFENDANTS DIRECTED HER CONDUCT. THEN WHEN THE PLAINTIFF REPORTED THE DEFENDANT C/O VILLALOBOS'S ABUSE OF AUTHORITY AND MISTREATMENT, THE VERY SUPERVISORY AUTHORITIES WHO'S POSITIONS ARE TO PROTECT THE PLAINTIFF REJECTED HIS GRIEVANCES CREATING AN ONGOING THREAT TO PLAINTIFF. DEFENDANTS SGT. B. MENDOZA AND LT. SEABORN DECISIONS SERVED NO COMPELLING STATE INTEREST. THEY ARE RESPONSIBLE FOR THE OPERATIONS AND THEIR FAILURES/ORDERS, AFTER BEING TOLD OF THE THREATS HAVE CAUSED CONSTITUTIONAL HARMS.

13.) RELIEF:

PLAINTIFF SEEKS DAMAGES PURSUANT TO 42 U.S.C. § 1983 FOR THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. THE PLAINTIFF RESPECTFULLY REQUEST THAT EACH DEFENDANT IN THIS ACTION BE ORDERED TO PAY THE PLAINTIFF:

1. COMPENSATORY DAMAGES FROM EACH DEFENDANT OF $100,000.00 DOLLARS;

2. PUNITIVE DAMAGES FROM EACH DEFENDANT OF $100,000.00 DOLLARS;

3. GENERAL DAMAGES FROM EACH DEFENDANT OF $100,000.00 DOLLARS;

4 NOMINAL DAMAGES FROM EACH DEFENDANT OF $100,000.00 DOLLARS;

5. ANY FURTHER RELIEF THE COURT DEEMS JUST AND EQUITABLE OR IN ALTERNATIVE:

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES AND CLAIMS AND DOLLAR AMOUNT RELIEF.

PLAINTIFF DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS FOREGOING IS TRUE AND CORRECT.

SIGNED THIS 13TH DAY OF JANUARY, 2025

9.

ERIC VALENCIA
MADERA Co. JAIL
195 TOZER ST.
MADERA, CA. 93638

DECLARATION OF SERVICE

I, ERIC VALENCIA, HEREBY STATE: I HAVE SERVED A TRUE AND CORRECT ORIGINAL OF THE FOLLOWING:

    ORIGINAL COMPLAINT

UPON THE COURT, BY PLACING SAME IN A SEALED, POSTAGE PAID ENVELOPE, PROPERLY ADDRESSED TO:

    UNITED STATES DISTRICT COURT

    EASTERN DISTRICT OF CALIFORNIA

    OFFICE OF THE CLERK

    2500 TULARE ST., ROOM 1501

    FRESNO, CA. 93721

SWORN AND EXECUTED BY THE UNDERSIGNED ON 13TH DAY OF JANUARY, 2025, AT MADERA, CA. 93638



    DECLARENT

    ERIC VALENCIA #167613

    MADERA CO. JAIL

    195 TOZER ST.

    MADERA, CA. 93638