1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERIC VALENCIA,                          Case No.  1:25-cv-00097-HBK (PC)

12              Plaintiff,                    ORDER NOTING VOLUNTARY
                                             DISMISSAL UNDER FED. R. CIV. P.
13        v.                                 41(a)(1)(A)(i) AND FED. R. CIV. P. 15(a) OF
                                             CERTAIN CLAIMS AND DEFENDANTS
14   VILLALOBOS and SGT. B. MENDOZA,
                                             ORDER DIRECTING CLERK TO REVISE
15              Defendants.                   DOCKET TO REFLECT ONLY NAMED
                                             DEFENDANTS
16
                                             (Doc. No. 8)
17

18

19        Plaintiff Eric Valencia, a pretrial detainee, is proceeding pro se and *in forma pauperis* in

20   this action filed under 42 U.S.C. § 1983.  On March 3, 2025, this Court issued a screening order

21   on Plaintiff's Complaint.  (Doc. No. 7 at 6-13).  As detailed in this Court's March 3, 2025

22   Screening Order, the Complaint states a cognizable First Amendment retaliation claim against

23   Defendant Villalobos and establishes a basis for supervisory liability against Defendant Mendoza,

24   but fails to state any other cognizable claims.  (*Id*. at 5-15).  The Screening Order afforded

25   Plaintiff the opportunity to (1) file an amended complaint; (2) file a notice under Federal Rule of

26   Civil Procedure 41 and Rule 15 indicating that he is willing to proceed only on the claims the

27   court found cognizable in its screening order; or (3) stand on his Complaint subject to the

28   undersigned issuing Findings and Recommendations to dismiss the defendants and claims not

1    cognizable.  (*Id.* at 15-16).

2         On March 12, 2025, Plaintiff filed a notice, signed and dated March 9, 2025, titled

3    "Plaintiff's Notice to Stand on His Current Complaint and Proceed Only on His First Amendment

4    Retaliation Claim Against Defendant Villalobos and Supervisory Liability Claim Against

5    Defendant Mendoza, Thereby Voluntarily Dismissing Defendants Madera County, Pogue, and

6    Seaborn and Any Other Claims the Court Deem[ed] Not Cognizable."  (Doc. No. 8, "Notice").  In

7    the Notice, Plaintiff states he "chooses to stand on the complaint as screened and to proceed only

8    on those claims the court deem[ed] cognizable, effectively dismissing defendants Madera County,

9    Pogue, and Seaborn and the claims deemed not cognizable without prejudice under Federal Rule

10    of Civil Procedure 41(a)(1) and Rule 15."  (*Id.* at 2).

11         Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a

12    notice of dismissal before the opposing party answers the complaint or moves for summary

13    judgment.  Fed. R. Civ. P. 41 (a)(1)(A)(i).  Here, no party has answered or moved for summary

14    judgment.  (*See* docket).  Further, the Ninth Circuit recognizes that a party has an absolute right,

15    prior to an answer or motion for summary judgment, to dismiss fewer than all named defendants

16    or claims without a court order.  *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993).

17    Alternatively, the Court construes Plaintiff's Notice as a motion to amend the Complaint under

18    Federal Rule of Civil Procedure 15(a).  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d

19    683, 687 (9th Cir. 2005) (Rule 15(a) "is appropriate mechanism" when a party is eliminating an

20    issue or one or more claims but not completely dismissing a defendant).

21         In accordance with Plaintiff's Notice, Plaintiff's Complaint will proceed only on his First

22    Amendment retaliation claim against Defendant Villalobos and his supervisory liability claim

23    against Defendant Mendoza.  (*See* Doc. No. 8).  Defendants Madera County, Pogue, and Seaborn

24    are voluntarily dismissed under Rule 41 and any other claims deemed not cognizable are

25    withdrawn under Rule 15.  The Court will direct service upon Defendants Villalobos and

26    Mendoza by separate order.

27         Accordingly, it is **ORDERED**:

28         The Clerk of Court shall correct the docket to terminate Defendants Madera County,

2

Tyson Pogue, and Lt. Seaborn to reflect Plaintiff's notice of voluntary dismissal under Rule 41(a)(1) of these same Defendants.

Dated:   March 13, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE