1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERIC VALENCIA,                              Case No.  1:25-cv-00097-HBK (PC)

12                    Plaintiff,                  ORDER DENYING PLAINTIFF'S
                                                  REQUESTS FOR DECLARATORY RELIEF
13            v.
                                                  (Doc. No. 14)
14    VILLALOBOS and SGT. B. MENDOZA,

15                    Defendants.

16

17            Plaintiff Eric Valencia is a pretrial detainee proceeding pro se and *in forma pauperis* on

18    his complaint filed under 42 U.S.C. § 1983.  (Doc. No. 1, "Complaint").   Pursuant to 28 U.S.C. §

19    1915(b)(21)(A), (B), on February 6, 2025, the Court granted Plaintiff's motion to proceed *in*

20    *forma pauperis*, assessed the full $350.00 filing fee, directed officials to pay an initial filing fee of

21    $32.00 based on the six-month deposits into Plaintiff's inmate trust fund account, and to pay 20%

22    of any future income deposited into Plaintiff's inmate account until the full $350.00 filing was

23    paid.  (Doc. No. 6).  Plaintiff proceeds on his Complaint on his First Amendment retaliation claim

24    against Officer Villalobos and supervisory liability claim against Sgt. Mendoza.   (Doc. Nos. 7-9).

25    The Court directed service on Defendants Villalobos and Mendoza but responses to Complaint

26    are not yet due.   (Doc. No. 12).[1]  On April 30, 2025, Plaintiff filed a request for declaratory relief

27    _____

28    [1] As of the date of this Order, only Defendant Mendoza has waived service and his response to the
      Complaint is due May 27, 2025.  (Doc. No. 12).

1    alleging a violation of his right of access to the courts and improper deductions from his inmate

2    account. (Doc. No. 14, "Motion"). More particularly, Plaintiff complains of various deficiencies

3    with the jail's legal resources, copies and envelopes and complains that "Defendants" exceeded

4    the Court's order and deducted 100% of the filing fee. The Court denies Plaintiff's request for

5    declaratory relief the following reasons.

6        First, Plaintiff generally asserted that his First Amendment right of access to the courts are

7    being denied. However, to the extent Plaintiff believes he is being denied such access, these

8    allegations constitute new claims that must be properly raised in a separately filed complaint

9    rather than through the instant motion. Moreover, a generic claim of a denial access to the courts

10   is insufficient. The Supreme Court held that prison authorities have an affirmative obligation to

11   "assist  inmates in the preparation and filing of meaningful legal papers by providing inmates

12   with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v.*

13   *Smith*, 430 U.S. 817, 824-25 (1977), *abrogated in part*, *Lewis v. Casey*, 518 U.S. 343 (1996).

14   Indigent inmates must also be provided at state expense with paper, pens, notarial services and

15   stamps to mail legal documents. *Id*. However, this right is subject to various restrictions. An

16   inmate alleging a *Bounds* violation must show: (1) his access is being "frustrated" or "impeded"

17   and he was, or is, suffering an "actual injury"; (2)  the claim he is bringing is a non-frivolous

18   claim; and (3) the claim must involve his criminal conviction or sentence or the conditions of his

19   confinement., i.e. claims involving direct criminal appeals, petitions for writs of *habeas corpus*,

20   and civil rights actions brought under section 1983 to vindicate basic constitutional rights. *Lewis*

21   *v. Casey*, 518 U.S. 343, 351-53 (1996). "Impairment of any other litigating capacity is simply

22   one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."

23   *Id.* at 355 (emphasis omitted).

24       Plaintiff is not currently subject to a court-imposed deadline in this case, nor has he

25   alleged any actual harm in connection with this case. To the extent that Plaintiff maintains that

26   the prison resources are deficient such that it is infringing on his First Amendment access to

27   courts rights in either this case or another case, he must file a new complaint after he has

28   exhausted his administrative remedies on that new claim. Accordingly, his request for

2

1  unspecified declaratory relief based on denial of access to the courts is denied.

2       Second, Plaintiff challenges the withdrawal of full filing fee from his inmate account,

3  asserting that the deduction made by "Defendants" exceeded the Court's February 6, 2025 Order.

4  The Court confirms that the full filing fee was paid in this case on April 21, 2025.  However,

5  Defendants did not withdraw these funds—the correctional facility did.  Further, it is unclear

6  whether Plaintiff received additional deposits in February, March and April to account for the

7  additional deductions.  To the extent Plaintiff seeks reimbursement for any improperly withdrawn

8  funds, he must pursue available administrative remedies within the correctional facility before

9  seeking judicial relief.  *See Booth v. Churner*, 532 U.S. 731, 734 (2001) (requiring exhaustion of

10 administrative remedies under the Prison Litigation Reform Act).

11      Accordingly, it is **ORDERED**:

12      1.  Plaintiff's Request for Declaratory Relief (Doc. No. 14) is DENIED.

13      2.  Plaintiff is directed to seek reimbursement through the administrative process for any

14          alleged improper deductions from his inmate account within the correctional facility.

15

16 Dated:    May 6, 2025

17                                              HELENA M. BARCH-KUCHTA
                                                UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

3