UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC VALENCIA,<br><br>          Plaintiff,<br><br>     v.<br><br>VILLALOBOS and SGT. B. MENDOZA,<br><br>          Defendants. | Case No. 1:25-cv-00097-HBK (PC)<br><br>ORDER REFERRING CASE TO EARLY ADR AND STAY OF CASE<br><br>DEADLINE TO OPT OUT DUE:<br><br>SEPTEMBER 2, 2025 |

    Plaintiff Eric Valencia, a pretrial detainee, is proceeding pro se and *in forma pauperis* in this action filed under 42 U.S.C. § 1983. Plaintiff filed his Complaint on January 22, 2025. (Doc. No. 1). On March 3, 2025, this Court issued a screening order on Plaintiff's Complaint. (Doc. No. 7 at 6-13). As detailed in the March 3, 2025 Screening Order, the Complaint states a cognizable First Amendment retaliation claim against Defendant Villalobos and establishes a basis for supervisory liability against Defendant Mendoza, but fails to state any other cognizable claims. (*Id*. at 5-15). On March 12, 2025, Plaintiff filed a notice under Federal Rule of Civil Procedure 41(a)(1) and Rule 15, indicating that he wished to proceed on the claims found cognizable in the Court's March 3, 2025 Screening Order and would voluntarily dismiss the remaining claims and defendants. (Doc. No. 8 at 2). On May 5, 2025, Defendants Villalobos Mendoza filed a combined Answer to the Complaint. (Doc. No. 16).

    The Court refers all civil rights cases filed by pro se individuals to early Alternative

Dispute Resolution ("ADR") to try to resolve such cases more expeditiously and less expensively. *See* Local Rule 270. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in early ADR. No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter early through settlement now would save the parties the time and expense of engaging in lengthy and costly discovery and preparing substantive dispositive motions. The Court therefore will STAY this action for up to 90 DAYS to allow the parties an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement discussions, or agree to participate in an early settlement conference conducted by a magistrate judge. If either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is **ORDERED**:

1. This action will remain **STAYED until further order** to allow the parties an opportunity to settle their dispute. The parties may not file any pleadings or motions during the stay period. Further, the parties shall not engage in formal discovery until the Court issues a Scheduling and Discovery Order.

2. **No later than September 2, 2025**, the parties shall file a notice if they object to proceeding to an early settlement conference or if they believe that settlement is not currently achievable.

3. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

Dated:   June 3, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE