UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC VALENCIA,

        Plaintiff,

    v.

VILLALOBOS and B. MENDOZA,

        Defendants.

Case No.  1:25-cv-00097-HBK (PC)

ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS[1]

(Doc. 27)

Pending before the Court is Defendants' Motion for Discovery Sanctions filed contemporaneously with Defendants' Motion to Modify the Court's Scheduling Order[2] on March 3, 2026.  (Doc. 27, "Motion").  Defendants seek sanctions under Federal Rule of Civil Procedure 37 for Plaintiff's failure to appear to his scheduled and properly noticed deposition.  As of this date, Plaintiff did not file an opposition or statement of no opposition and the time to do so expired.  *See* Local Rule 230(l) (affording twenty-one days to file an opposition to a motion).  Consistent with its Local Rules, the Court deems Plaintiff's non-response as a waiver of any opposition to the motion .  *Id.*

---

[1] All parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. 26).

[2] On March 9, 2026, the Court granted the portion of the motion to modify the Court's scheduling order but deferred ruling on the portion of the motion seeking sanctions, noting Plaintiff's response to the portion of the motion for sanctions was not yet due.  (Doc.28).

For the reasons provided herein, the Court will grant the motion and order Plaintiff to pay Defendants reasonable expenses, including attorney fees, in the amount of $975.

I.    Background

Plaintiff, a former pretrial detainee at the Madera County Jail, proceeds pro se on his civil rights complaint, which alleges a First Amendment retaliation claim against Defendant Villalobos and a supervisory liability claim against Defendant Mendoza.  (Docs. 1, 8, 10).  On June 20, 20025, the Court entered a Case Management and Scheduling Order ("CMSO"), which explicitly advised Plaintiff: "[T]he failure of Plaintiff to attend, be sworn, or answer appropriate questions may result in sanctions, including terminating the action as provided in Fed. R. Civ. P. 37." (Doc. 22).  Consistent with the CMSO, Defendants properly noticed Plaintiff's deposition for February 27, 2026.  Plaintiff left a voice-mail message after business hours prior to the scheduled deposition informing defense counsel he would not appear for his deposition without further explanation.  Defense counsel contacted Plaintiff the morning of the scheduled deposition to confirm his inability to attend the deposition, and was able to reschedule the deposition.  (*Id.*).  Nonetheless, while defense counsel did not incur costs and fees to attend the deposition, the court reporter assessed a cancellation fee due to Plaintiff's late notice of his unavailability.  (*Id.* at 2-3).

II. Applicable Law and Analysis

As noted by the Ninth Circuit, "[t]he discovery process in theory should be cooperative and largely unsupervised" by the court.  *Sali v. Corona Regional Medical Ctr.*, 884 F. 3d 1218, 1219 (9th Cir. 2018).  When that process breaks down, Rule 37 provides a means for an aggrieved party to  seek sanctions.  *Id*.  Federal Rules of Civil Procedure 30 and 37 allow the Court to impose sanctions against the delinquent party stemming from a party's failure to appear at a deposition after proper notice.  For instance, the Court may order monetary sanctions for reasonable costs and fees caused by the offending  party's failure to attend their deposition, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3); see also 30(g).  "Pursuant to this rule, "[a] party can constructively fail to attend a deposition by providing late notice of a cancellation." *Russell v. Walmart Inc.*, No. 2:19-CV-05495-MWF-JC, 2020 WL 4745546, at *2 n.4 (C.D. Cal. July 5,

2

2020) (collecting cases); *see also Terrell*, 2015 WL 461823, at *6 ("[c]ourts routinely award expenses and attorney's fees where, as here, a party fails to attend a deposition without delivering sufficient notice of cancellation to the other party" (citations omitted)); *In re Univ. of San Diego Tuition & Fees COVID-19 Refund Litig.*, No. 20-CV-1946-LAB-WVG, 2023 WL 3316765, at *2 (S.D. Cal. May 8, 2023); *Societe D'equipments Internationaux Nigeria, Ltd v. Dolarian Cap., Inc.*, No. 115CV01553-DAD-SKO, 2016 WL 6901991, at *2 (E.D. Cal. Nov. 22, 2016); *Albee v. Cont'l Tire N. Am., Inc.*, 780 F. Supp. 2d 1005, 1013 (E.D. Cal. 2011).  The Court has broad discretion to impose sanctions under Rule 37. *Payne v. Exxon Corp.*, 121 F.3d 503, 307 (9th Cir. 1997).

A.  Sanctions Are Appropriate

The record demonstrates Defendants properly noticed Plaintiff's deposition.  On February 12, 2026, the notice was sent to Plaintiff at his address of record by FedEx overnight delivery. (Doc. 27-2 at 2, ¶2).  The notice provided the date and time, February 27, 2026 at 10:00 a.m., and place, via Zoom teleconference of the deposition, for the deposition.  (*Id*., Exhibit A).  On February 17, 2026, Defendants sent a further notice providing Plaintiff with the Zoom access details.  (Doc. 27-2 at 2, ¶2, Exhibit B).  Thus, the notice was sufficient to compel Plaintiff's attendance.  *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010).

On February 26, 2026, at approximately 5:15 p.m., Plaintiff left a voicemail at defense counsel's office stating he would not appear for the noticed deposition without explanation. (Doc. 27-2 at 2, ¶3).  Counsel had left the office for the day and did not receive the voicemail until the next day.  (*Id*.).  When defense counsel contacted Plaintiff the next morning to confirm his nonattendance and reschedule his deposition, Plaintiff again failed to provide any reason for his cancellation.  (Doc. 27-2 at 2, ¶4).  Plaintiff did not file a response or opposition to Defendant's motion.

Based upon applicable law and the foregoing undisputed facts, the Court finds sanctions are warranted.

////

3

B.  Reasonable Expenses and Attorney Fees

The Court now considers what sanctions are appropriate.  Defendants seek an award of $975, which represents the fee imposed by the court reporter for the late cancellation ($375) and two hours of counsel's time in bringing this motion ($600).  (*Id.* at 7).  The Court finds the expenses and attorney fees to be reasonable.

First, the court finds the court reporter's late cancellation charge of $375 is reasonable and recoverable.  Defendants submit proof of this charge (Invoice 2473943, dated February 27, 2026).  (Doc. 27-2 at 2-3, ¶5, Exhibit C).

Second, as to the attorney fees, Defendants seek fees for two hours spent preparing the instant motion and declaration in support.  Defendants do not provide any evidence that defense counsel's $300 per hour rate request is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).  Nonetheless, the court can exercise its discretion to determine an appropriate hourly rate for Mr. Wiley R. Driskill.  Typically, the "relevant legal community" in the forum district and the local hourly rate for similar work should be employed. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2103).

Mr. Driskill is a partner with the law firm Lozano Smith.  (Doc. 27-2 at 2, ¶1).  Mr. Driskill has been licensed to practice law in California since December 2007.  (Doc. 27-2 at 3, ¶6).  Since August 2016, Mr. Driskill also served as Deputy County Counsel for Madera County and bills $300 per hour for litigation work to the County.  (*Id*.).  The Court concludes the prevailing rate in the Eastern District of  California for similar services by lawyers of reasonably comparable skill, experience, and reputation is approximately between $300-$400 per hour.  *Schmidt v. City of Modesto*, No. 1:17-cv-01411-DAD-MJS, 2018 WL 6593362, at *6 (E.D. Cal. Dec. 14, 2018) (finding $400 reasonable rate for attorney with over 30 years of experience of which ten years of experience is devoted to civil rights litigation and $300 reasonable rate for attorney with seven years of experience in police misconduct and civil rights litigation).  Thus, the Court finds the $300 per hour rate sought by Defendants to be reasonable.

4

Finally, the Court finds the time spent by defense counsel in research and drafting of the motion[3] and declaration of two hours to be reasonable.  The motion and memorandum comprise nine pages and it supporting declaration includes 14 pages with three exhibits.  (Docs. 27, 27-1, 27-2).

Accordingly, it is hereby ORDERED:

1.      Defendants' Motion to for Sanctions (Doc. 27) is GRANTED.

2.      Within thirty (30) days of this Order, Plaintiff shall remit payment in the amount of $975 to Defendants' counsel for reasonable attorney fees and expenses related to his nonappearance at his properly noticed deposition.

Dated:    April 3, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court recognizes the motion included a request to extend the non-expert discovery deadline.  This portion of the motion was limited to one paragraph and was necessitated by the need to reschedule Plaintiff's deposition beyond the expiration of the current discovery period.  Thus, the Court will not deduct any time spent preparing the motion.

5